1  SAMANTHA C. GRANT, Cal. Bar No. 198130
   E-mail: SGrant@sheppardmullin.com
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
3    Including Professional Corporations
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067-6055
   Telephone:  310-228-3700
5  Facsimile:   310-228-3701

6

7  WHITNEY NONNETTE PERRY, Cal. Bar No. 295222
   E-mail: WNonnettePerry@sheppardmullin.com
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
8    A Limited Liability Partnership
     Including Professional Corporations
9  333 South Hope Street, 43rd Floor
   Los Angeles, California 90071-1422
10 Telephone:  213-620-1780
   Facsimile:   213-620-1398

11
   Attorneys for Defendant
12 NORTHROP GRUMMAN SYSTEMS
   CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| MATTHEW DIXON, | Case No. |
|---|---|
| Plaintiff, | **DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | |
| NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 100, Inclusive, | (Removed from LASC Case No. 21STCV05406) |
| Defendants. | [*Filed concurrently with Civil Cover Sheet, Declarations of Whitney Nonnette Perry, Susie L. Choung and Tarra Goodman-Ajayi in Support of Removal, Request for Judicial Notice, Certification of Interested Parties, and Corporate Disclosure Statement*] |
| | (Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, 1446) |

SMRH:4826-8360-2145.2              DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S
                                   NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on this date, Defendant Northrop Grumman Systems Corporation ("Northrop") did and hereby does remove the above-entitled action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Matthew Dixon ("Plaintiff") and Northrop and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Los Angeles. *See* 28 U.S.C. section 1446(d).

Northrop removes this action to United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1. On February 10, 2021, Plaintiff filed a complaint (the "Complaint") entitled *Matthew Dixon v. Northrop Grumman Systems Corporation, a Delaware corporation; and Does 1 through 10, Inclusive*, Case No. 21STCV05406, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action").

2. On February 18, 2021, Plaintiff served Northrop with the Summons and Complaint in the State Court Action. A true and correct copy of the Complaint served on Northrop is attached as **Exhibit A** to the declaration of Whitney Nonnette Perry ("Nonnette Perry Decl."). A true and correct copy of the Summons served on Northrop is attached to the Nonnette Perry Decl. as **Exhibit B**. Along with the Summons and Complaint, Plaintiff also served Northrop with a Notice of Case Assignment Unlimited Civil Case, which is attached to the Nonnette Perry Decl. as **Exhibit C**.

3. On February 18, 2021, a Deputy Clerk of the Superior Court served upon Plaintiff a Notice of Case Management Conference. A true and correct copy of the Notice of Case Management Conference is attached to the Nonnette Perry Decl. as **Exhibit D.**

4. Northrop filed and served an Answer in the State Court Action on February 25, 2021. A true and correct copy of the Answer is attached to the Nonnette Perry Decl. as **Exhibit E**.

5. On February 26, 2021, a Deputy Clerk of the Superior Court served upon Plaintiff and Northrop a Notice of Case Reassignment. A true and correct copy of the Notice of Case Reassignment served on Northrop is attached to the Nonnette Perry Decl. as **Exhibit F**.

6. **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Notice of Case Assignment, Notice of Case Management Conference, Notice of Case Reassignment, and Answer (Exhibits A-F to the Nonnette Perry Decl.) constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

7. **All Named Defendants Join in Removal.** Northrop is the only named defendant in this action and the only defendant served with the Summons and Complaint, so there are no other parties to join in this Notice of Removal. Defendant "Does 1 through 10" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. 28 U.S.C. § 1441(a).

8. **Removal is Timely.** This Notice of Removal is being filed within thirty (30) days after the State Court Action became subject to removal on February 18, 2021 and within one year of the date the State Court Action was filed on February 10, 2021. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

9. **Proper Venue.** The United States District Court for the Central District of California is the District within which said Superior Court of California for the County of Los Angeles case is pending.

## DIVERSITY JURISDICTION

10. This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Northrop may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

11. **Plaintiff's Citizenship.** Allegations on information and belief as to citizenship are sufficient to support removal. *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Northrop is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing his Complaint, a citizen of the State of California, within the meaning of 28 U.S.C. Section 1332(a). Declaration of Tarra Goodman-Ajayi ("Goodman-Ajai Decl."), ¶ 4. Moreover, this Court has found that "a plaintiff who alleges he or she is a resident of a state in a state court complaint creates a rebuttable presumption of domicile in that state." *Dourian v. Stryker Corp.*, No. CV 12-1790 DSF (CWX), 2012 WL 12893752, at *1 (C.D. Cal. Apr. 25, 2012). Plaintiff concedes in the Complaint that "At all times mentioned, Plaintiff has been a resident of Los Angeles County." *See* Nonnette Perry Decl., Exh. A (Complaint), ¶ 5.

12. **Defendant Northrop's Citizenship.** Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. Northrop is a now and was, at the time of filing the State Court Action, a citizen of Delaware and Virginia and not California, as shown below.

13. Northrop is incorporated in the state of Delaware. *See* Northrop's Request For Judicial Notice in Support of Removal, Exh. A (California Secretary of State Business Entity Detail); *see also* Declaration of Susie L. Choung ("Choung Decl."), ¶ 2.

14. Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp.*, 130 S. Ct. 1181 at 1183. The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

15. Northrop's principal place of business is at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, in the State of Virginia, as established by the following facts:

16. The headquarters, the principal operations center, and the place of Northrop's high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Falls Church, Virginia. *See* Choung Decl., ¶¶ 2-3. Its corporate headquarters is in Falls Church, Virginia. Northrop's headquarters is where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id.* at ¶ 3. As such, Northrop is a citizen of the State of Delaware and the State of Virginia and not a citizen of the State of California. Therefore, Plaintiff and Northrop are citizens of different states.

17. **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of

establishing removal jurisdiction under 18 U.S.C. section 1332. *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Fat T, Inc. v. Aloha Tower Assocs. Piers 7, 8 & 9*, 172 F.R.D. 411, 415 (D. Haw. 1996) ("[I]n light of Ninth Circuit case-law, this Court finds that Doe defendants do not destroy diversity jurisdiction."). Thus, the existence of Doe Defendants 1-10, inclusive, does not deprive the Court of jurisdiction.

18. **The Amount in Controversy Exceeds $75,000.** Where a plaintiff does not specify a particular amount of damages in the Complaint, a removing defendant must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Northrop needs to show only that there is a "reasonable probability that the stakes exceed," $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377.

19. The amount in controversy is based on the assumption that Plaintiff prevails on all claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will

1  actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.
2  2005); *see also Scherer v. Equitable Life Assurance Society of the United States*,
3  347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount
4  of damages is not what is considered when determining the amount in controversy;
5  rather, it is the amount put in controversy by the plaintiff's complaint).  That the
6  amount in controversy is assessed at the time of removal does not mean that the
7  mere futurity of certain classes of damages precludes them from being part of the
8  amount in controversy." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417
9  (9th Cir. 2018).

10         20.    **Damages Sought.**  Here, without admitting the validity of Plaintiff's
11  causes of action (all of which are expressly denied by Northrop), the amount in
12  controversy is in excess of $75,000, exclusive of interest and costs.  Although
13  Plaintiff does not pray for a specific dollar amount, in his Complaint, he alleges
14  claims for: (1) Retaliation and Wrongful Termination in Violation of Labor Code
15  Section 1102.5; (2) Retaliation and Wrongful Termination in Violation of the Fair
16  Employment and Housing Act ("FEHA"); (3) Retaliation and Wrongful
17  Termination in Violation of Public Policy; (4) Sex Discrimination; (5) Race
18  Discrimination; (6) Hostile Work Environment Harassment; and (7) Failure to
19  Prevent Discrimination and Retaliation in Violation of FEHA.  In connection with
20  his claims, Plaintiff seeks compensation for lost wages (past and future) and other
21  employment benefits including loss of 401(K), financial penalties, and personal
22  loans. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 42 (b)-(d), 48, 67, 78, 86,
23  and Prayer, ¶¶ 1-2.  Further, Plaintiff seeks general damages for "…severe,
24  excruciating and traumatic emotional distress and physical manifestations of the
25  emotional distress and exacerbation of those injuries and symptoms." *See* Nonnette
26  Perry Decl., Exh. A (Complaint), ¶ 42(a) and Prayer, ¶ 3. He further claims that he
27  "has suffered, and continues to suffer, severe and lasting embarrassment,
28  humiliation, mental anguish, and emotional distress." *See* Nonnette Perry Decl.,

Exh. A (Complaint), ¶¶ 50, 69, and 79. Plaintiff also seeks punitive damages. *Id.* at ¶¶ 31, 42, 51, 59, 70, 81, 95 and Prayer ¶ 4. Finally, Plaintiff seeks attorneys' fees. *Id.* at ¶¶ 52, 60, 71, 82, 86, 94, and Prayer ¶ 7. The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, statutory, civil, and punitive damages, restitution, as well as attorneys' fees, which are sought by Plaintiff, may all be included in the calculation. *See Guglielmino*, 506 F. 3d at 700. Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

21. <u>Lost Earnings and Other Employment Benefits</u>. In his Complaint, Plaintiff requests lost earnings. *See* Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 42 (b)-(d), 48, 67, 78, 86, and Prayer, ¶¶1-2. At the time of Plaintiff's termination from Northrop on September 4, 2019, he was working full-time and earning $3,730.77 every two weeks. *See* Goodman-Ajai Decl., ¶ 3. A reasonable estimate of Plaintiff's alleged lost wages from the time of the termination of his employment through trial (i.e., 132 weeks of alleged lost wages), assuming the trial takes place one year from the date of this removal, March 19, 2022, is at least **$246,231** based on Plaintiff working full time and earning $46.63 per hour while he was employed. *Id.*; s*ee Chavez*, 888 F.3d at 416 (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious" including both past and future lost wages). This amount of potential compensatory damages is solely based on alleged lost wages and does not include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

22. <u>Compensation for Emotional Distress and Related Medical Expenses</u>. Prevailing plaintiffs in wrongful termination actions seek damages for emotional distress. *See Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1098-1100, 824 P.2d 680 (1992).

1 | The emotional distress component of Plaintiff's alleged damages must be considered
2 | in determining whether the amount in controversy requirement has been established.
3 | *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Here, Plaintiff
4 | seeks emotional distress damages, allegedly resulting from his alleged wrongful
5 | termination, discrimination and retaliation.  *See* Nonnette Perry Decl., Exh. A
6 | (Complaint), ¶¶ 42, 50, 69, and 79.  Indeed, Plaintiff alleged that he "has suffered,
7 | and continues to suffer, severe and lasting embarrassment, humiliation, mental
8 | anguish, and emotional distress." *Id* at ¶¶ 50, 69, and 79.

9 |       23.   <u>Comparable Cases</u>.  A defendant may use damage awards in other
10 | cases to establish that the amount in controversy exceeds $75,000.  *See Simmons v.*
11 | *PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).  Juries in California
12 | have awarded well in excess of $75,000 for emotional distress damages in wrongful
13 | termination cases.  *See, e.g., Stallworth v. City of Los Angeles*, Los Angeles Sup.
14 | Ct., Case No. BC341480 (awarding $100,000 in emotional distress damages on
15 | discrimination and retaliation claims).  Thus, if Plaintiff is able to prove his claims
16 | at trial, it is conservative to estimate that Plaintiff will seek, and the jury may award,
17 | **at least $75,000 for emotional distress damages**.

18 |       24.   <u>Punitive Damages</u>.  Plaintiff also seeks punitive damages. Nonnette
19 | Perry Decl., Exh. A (Complaint), ¶¶ 31, 42, 51, 59, 70, 81, 95 and Prayer ¶ 4.
20 | Punitive damages are also recoverable in wrongful termination actions.  *See Tameny*
21 | *v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176, 610 P.2d 1330 (1980).  Punitive
22 | damages should be considered when determining the amount in controversy.  *See*
23 | *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons*, 209 F. Supp.
24 | 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply
25 | demonstrate the potential for large punitive damage awards in employment
26 | discrimination cases.").  In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.
27 | 408, 425 (2003), the United States Supreme Court held that the longstanding
28 | historical practice of setting punitive damages at two, three, or four times the size of

compensatory damages, while "not binding," is "instructive," and that "[s]ingle-digit multipliers are more likely to comport with due process." Here, as shown above, Plaintiff is seeking compensatory general damages of at least $321,231 ($246,231 + $75,000). Utilizing the ratio of 2:1 that *State Farm* found to be "instructive" (but without conceding its ultimate propriety for use in this case), **the potential punitive damages award in controversy in this action is approximately $642,462**, even though Northrop denies that Plaintiff has properly alleged or can ultimately establish the necessary conditions for obtaining exemplary damages.

25. <u>Attorneys' Fees</u>. Plaintiff also seeks to recover attorneys' fees. Nonnette Perry Decl., Exh. A (Complaint), ¶¶ 52, 60, 71, 82, 86, 94 and Prayer, ¶ 7. Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Recent authority has clarified that this must include all attorney's fees *likely to be incurred through trial of an action*. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy.").

Federal courts in California have granted motions for attorney's fees in discrimination cases similar to the instant case for hours ranging from 500 to 1,200. *See e.g., Perona v. Time Warner Cable*, No. EDCV1402501MWFSPX, 2016 WL 8941101, at *12 (C.D. Cal. Dec. 6, 2016) (awarding attorneys' fees in discrimination case for 1,205.3 billed hours in the amount of $742,260); *Kranson v. Fed. Express Corp.*, No. 11-CV-05826-YGR, 2013 WL 6503308, at *14 (N.D. Cal. Dec. 11, 2013) (awarding attorneys' fees in discrimination case for 502 billed hours in the amount of $386,235); *Leuzinger v. Cty. of Lake*, No. C 06-00398 SBA, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009) (awarding attorneys' fees in

SMRH:4826-8360-2145.2                             DEFENDANT NORTHROP GRUMMAN SYSTEMS CORPORATION'S
                                                  NOTICE OF REMOVAL OF CIVIL ACTION

1  discrimination case for 550 billed hours in the amount of $735,500.50).
2  Accordingly, an extremely conservative estimate of the **attorneys' fees that are**
3  **likely to be sought in this case is $200,000**.

4      26.    Based on Plaintiff's allegations and his prayer for relief in which he
5  seeks compensatory and special damages, punitive damages and attorneys' fees, a
6  **reasonable estimate of the amount in controversy is $1,163,693**, which far
7  exceeds the $75,000 jurisdictional threshold.  *See White v. FCI USA, Inc.*, 319 F.3d
8  672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages
9  sought by [the plaintiff], when combined with attorney's fees" demonstrated that the
10 amount in controversy exceeded $75,000").

11     27.    A copy of this Notice of Removal will be filed with the Superior Court
12 of the State of California for the County of Los Angeles and served upon all adverse
13 parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of
14 compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the
15 above entitled Court.

16     WHEREFORE, Northrop hereby removes the above-entitled civil action from
17 the Superior Court of the State of California for the County of Los Angeles to this
18 Court.

19 Dated:  March 19, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Whitney Nonnette Perry*
SAMANTHA C. GRANT
WHITNEY NONNETTE PERRY
Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS CORPORATION