**EXHIBIT A**

21STCV05406
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Anthony Mohr
Electronically FILED by Superior Court of California, County of Los Angeles on 02/10/2021 01:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

ABRAHAM MATHEW, SBN 181110
abraham@mathewandgeorge.com
JACOB GEORGE, SBN 213612
jacob@mathewandgeorge.com
MATHEW & GEORGE
500 South Grand Avenue, Suite 2050
Los Angeles, California 90071
Telephone:   (310) 478-4349
Fax:         (310) 478-9580

SANG J PARK, SBN 232956
sang@park-lawyers.com
PARK APC
500 South Grand Avenue, Suite 2050
Los Angeles, California 90071
Telephone:   (310) 627-2964
Fax:         (310) 362-8279

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTHEW DIXON,<br><br>         Plaintiff,<br><br>    vs.<br><br>NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware Corporation; and DOES 1 to 10,<br><br>         Defendants. | Case No.: **21STCV05406**<br><br>**COMPLAINT**<br><br>(1) Retaliation & Wrongful Termination in Violation of Lab. Code § 1102.5<br>(2) Retaliation & Wrongful Termination in Violation of FEHA<br>(3) Retaliation & Wrongful Termination in Violation of Public Policy<br>(4) Sex Discrimination<br>(5) Race Discrimination<br>(6) Hostile Work Environment Harassment<br>(7) Failure to Prevent Discrimination & Retaliation in Violation of FEHA<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

EXHIBIT A
- 5 -

## INTRODUCTION

1. This is an action brought by the Plaintiff, Matthew Dixon, pursuant to California statutory, decisional, and regulatory laws. Plaintiff was an employee of Northrop Grumman Systems Corporation ("Defendants").

2. Plaintiff alleges that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law and regulations.

## JURISIDICTION AND VENUE

3. Jurisdiction is proper in this Court by virtue of the California statutes, decisional law and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4. Venue in this Court is proper because Defendants are located in the City of Redondo Beach, County of Los Angeles, State of California.

## PARTIES

5. At all times mentioned, Plaintiff has been a resident of Los Angeles County.

6. Defendants at all times herein mentioned have been a California company with the capacity to sue and to be sued, and doing business, in Redondo Beach, California.

7. Plaintiff is informed and believes and alleges that each of the Defendants herein were the agent, employee, or representative of each remaining Defendant and were at all times herein acting within the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendant supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

8. The true names and capacities of the Defendants named herein as DOES 1 to 10, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities as they are ascertained.

## FACTUAL ALLEGATIONS

9. Defendants employed Plaintiff as a Principal Supply Chain Planning Specialist (Level 3 of 5) from on or about April 1, 2019 to September 4, 2019.

10. Plaintiff is a 38-year-old Black male with over a decade of experience in the aerospace industry. Plaintiff has held his security clearance continuously without any incident.

11. On or about April 24, 2019 Plaintiff's manager, Ryan Walton ("Ryan"), summoned Plaintiff to a meeting. Walton told Plaintiff that an employee had accused him of "violating company policies," and that an "investigator" would be looking into it.

12. The "investigator" immediately met with Plaintiff and began to ask him questions. But the investigator—in Kafkaesque-fashion—never told Plaintiff about the alleged complaints levied against him or provided him with any context to the investigation.

13. Instead the "investigator" asked Plaintiff very generic questions.

　　a. Do you look and stare at your female coworkers as they come and go?

　　b. Did you ever go by Kimi Garcia's (Supply Chain Planning Specialist, Level 2) ("Kimi") cubicle to ask her for help?

　　c. Did you ever comment on Kimi's smile?

14. Plaintiff—stressed and baffled—asked the "investigator" what the meeting was all about. And the "investigator" finally revealed to Plaintiff that Kimi had accused him of "leering and gazing" at her; inappropriately touching her; and inappropriately commenting on her smile.

15. Plaintiff told the "investigator" that he never acted inappropriately with Kimi. Plaintiff told the "investigator" that he—as a new employee—went to Kimi's cubicle one time to ask her a question about the company's health plan, but he never touched Kimi.

16. And Plaintiff told the "investigator" that—at the beginning of his employment—he thanked Kimi for showing him around the office. In an effort to show gratitude and compliment her positive attitude, Plaintiff said, "thank you for assisting me and doing it with such a beautiful smile."

　　a. Plaintiff did not know that Kimi took any offense to the comment.

17. The "investigator" also told Plaintiff that "other women" complained about Plaintiff. But, again in Kafkaesque-fashion, she did not disclose names or details.

18. Based on Plaintiff's responses—and to his complete shock—the "investigator" suggested to Plaintiff that the accusations were probably true and that "he did it."

19. Then Defendants placed Plaintiff on administrative leave.

20. <u>Just one week later</u>, on May 1, 2019, Ryan gave Plaintiff a Written Warning.

    a. The Written Warning, below, was severe but completely devoid of facts.

This memo serves as a Written Warning regarding your unacceptable conduct.

Specifically, you were found to have had inappropriate verbal and physical conduct with your female co-workers which included inappropriate staring/gazing at them up and down, comments about their physical characteristics, and improper touching.

Your conduct is unacceptable as defined in Company Topical Manual USHR 2-22, Workplace Harassment and Bullying, which specifically states:

• "Verbal conduct; for example, racial or sexual epithets, foul language, unwanted sexual flirtations, comments about a person's body, ethnic jokes, derogatory statements, or slurs.."

and

• Physical conduct; for example, improper touching, or assault.

Effective immediately, it is expected that you:

• Address employees by their name/preferred name only
• Respect other co-workers' personal space
• Not leer and/or gaze at your co-workers

21. Defendants maintained a written harassment policy, but they completely deviated from its own procedures against Plaintiff.

    a. Defendants failed to interview possible exculpatory witnesses and failed to issue a written report or determination of reasonable cause.

    b. Defendants failed to give Plaintiff an opportunity to submit a written response to the allegations.

    c. Defendants failed to investigate Ryan's—Plaintiff's manager—close relationship with Kimi. Ryan and Kimi would regularly go out together for drinks and happy

Page 3

COMPLAINT

hour. And Kimi pressured Ryan to quickly investigate and resolve her false sexual harassment claims against Plaintiff.

        d.     Defendants ignored their own progressive discipline policy by levying Plaintiff with the severe Written Warning.

22.    In short, Defendants subjected Plaintiff to a clearly irregular investigative and adjudicative process based on stereotypes—i.e., Defendants made presumptions and snap judgments about Plaintiff based on his sex and race.

        a.     One Defendants, in essence, said to Plaintiff that "you probably did" what complainant "said you did because you're male."

        b.     And two, Defendants made their decisions based on centuries-old racist stereotypes of Black men as brutes and sexual predators.[1]

23.    On or about May 30, 2019 Plaintiff appealed the Written Warning with Defendants' Administrative Officer ("AO"). In his appeal Plaintiff pointed out falsity of Kimi's accusations; Ryan's irregular investigative and adjudicative process; and the severity of the adverse employment action taken against Plaintiff.

24.    During the pendency of the appeal, Plaintiff endured a hostile work environment harassment. For example:

        a.     Defendants' employees called Plaintiff "Chef" in a derogatory manner because Plaintiff is Black. This went on for months without Ryan or management stepping in to reprimand the other employees or remediate the situation.

        b.     Ryan closely monitored Plaintiff's work performance and whereabouts. Whenever Plaintiff took a restroom break, Ryan would humiliate Plaintiff—a professional and MBA graduate—by questioning his whereabouts. So Plaintiff began leaving a sticky note on his desk every time he had to go stating that he was in the restroom to keep Ryan informed.

---

[1] *"I'm Already Seen as a Sexual Predator From Saying Hello": Black Men's Perception of Sexual Violence*, Zounlome, Wong, Klann, J Interpers Violence, September 24, 2019, Indiana University Bloomington

   c. Ryan would humiliate Plaintiff by questioning Plaintiff about his $97K annual salary, saying, "why is someone like you earning that amount?!?"

25. On or about <u>August 13, 2019</u>, Defendants' AO granted Plaintiff's appeal and rescinded the Written Warning. AO found that Ryan and Kimi's allegations of sexual harassment were false.

26. Plaintiff was vindicated, and Ryan responded by immediately terminating him on or about <u>September 4, 2019</u>. Ryan terminated Plaintiff in retaliation for his blowing the whistle on Ryan and Kimi's false accusations of sexual harassment, his race, and his sex.

27. Ryan was moving to a new department, and Chris Han was set to take over as Plaintiff's new manager. But Ryan—as his last management act—terminated Plaintiff.

28. At the termination meeting, Plaintiff reminded Ryan about the outcome of his sexual harassment appeal. Ryan told Plaintiff that he knew nothing about that, and that Plaintiff's termination was allegedly based on his "performance" only.

29. Plaintiff contacted the AO afterwards, and the AO confirmed to him that Ryan was "especially aware" of the sexual harassment appeal and its outcome.

30. Prior to filing this Complaint, Plaintiff fulfilled any legal requirement or exhausted any administrative remedy imposed on her by having filed the substance of claims alleged herein with the California Department of Fair Employment and Housing (hereinafter "DFEH"), and has received Right to Sue Letters from the DFEH. Plaintiff has therefore substantially complied with all requirements for the filing of this Complaint and has exhausted her administrative remedies prior to filing, commencing, and serving the within action.

**CORPORATE LIABILITY FOR PUNITIVE DAMAGES**

31. Defendants' conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by their officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by their officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages.

32. Further Defendants had advance knowledge of the malicious, fraudulent, and/or

1  oppressive activities of the individual perpetrators whose actions and conduct were authorized,
2  approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

### FIRST CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of

### Labor Code § 1102.5 –Whistleblower Protection Act

### (Plaintiff against all Defendants)

33. Plaintiff incorporates all paragraphs above as though fully set forth herein.

34. At all times set forth in this Complaint, Plaintiff was an employee of Defendants and was protected by California Labor Code § 1102.5.

35. At all times set forth in this Complaint, California Labor Code § 1102.5 was in effect and provides, in part, that:

> "(a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (d) An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

36. As detailed above, Plaintiff reported and opposed Ryan and Kimi's false accusations of sexual harassment, and discrimination based on his race and his sex.

37. Plaintiff had reasonable cause to believe that the information disclosed was a violation of state and/or federal laws, rules, and/or regulations.

38. Shortly after Plaintiff disclosed the unlawful activity, and as detailed above, Defendants maintained a hostile work environment harassment against Plaintiff, and terminated Plaintiff's employment.

39. Plaintiff's reporting/disclosing of the unlawful activity was the cause of Defendants' maintaining a hostile work environment harassment against Plaintiff and terminating Plaintiff's employment.

40. By maintaining a hostile work environment harassment against Plaintiff and terminating Plaintiff's employment in retaliation for his reporting and opposing Ryan and Kimi's false accusations of sexual harassment, and discrimination based on his race and his sex, and as otherwise may be discovered, Defendants violated California Labor Code § 1102.5.

41. Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth throughout this Complaint.

42. As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of Labor Code § 1102.5, et seq. as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, the need for punitive damages, including, but not limited to the following:

  (a) Damages for severe, excruciating and traumatic emotional distress and physical manifestations of the emotional distress and exacerbation of those injuries and symptoms, ulcers, loss of identity, tightness in chest, humiliation, crying daily, grief, nervousness, anger, shame, feeling trapped, frustration, frightening questions that plague her mind, anxiety, depression, headaches, breathing problems, panic attacks, suffocation feeling, dizziness, nausea, disorientation, trouble concentrating, sorrow, worry, low self-esteem, hopelessness, bad dreams about Defendants, insomnia, the stigma about being terminated, loss of and damage to close

        relationships, and related emotional and mental anguish all in an amount to be determined by the jury at the trial of this matter;

(b) Damages for past loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, with such damages increasing each day, plus interest in an amount to be determined by the jury at the trial of this matter;

(c) Damages for future loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, in an amount to be determined by the jury at the trial of this matter;

(d) Damages for consequential financial losses and additional emotional distress damages, increasing with each day, including, but not limited to, the inability to timely pay bills resulting in fees and penalties for failure to pay timely, loss of 401(K), financial penalties, personal loans, harassing communications from bill collectors, and other consequential losses all of which have put extreme pressure on her life, family, and other treasured relationships, inflaming anxiety and arguments and causing further severe emotional distress in an amount to be determined by the jury at the trial of this matter; and

(e) The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount

sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

## SECOND CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of Government Code § 12940(h) (FEHA)

### (Plaintiff against all Defendants)

43. Plaintiff incorporates all paragraphs above as though fully set forth herein.

44. At all times material hereto, Plaintiff was an employee, protected by Government Code § 12940(a) and (j)(1), which prohibits discrimination and harassment in employment on the basis of sex and race.

45. At all times material hereto, Defendants were employers within the meaning of California Government Code § 12926(d), and as such were prohibited from harassing, discriminating, and retaliating on the basis of sex and race.

46. Plaintiff engaged in a protected activity under California Government Code § 12940(h) by making complaints to Defendants about sex and race discrimination and harassment pursuant to the allegations above.

47. Defendants maintained a hostile work environment harassment against Plaintiff and terminated Plaintiff's employment because of his complaints and opposition to sex and race discrimination and harassment in the workplace.

48. As a direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation and other employment benefits, all to Plaintiff's damage in an amount according to proof at trial.

49. As further direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

50. As further direct, foreseeable and proximate result of Defendants' behaviors, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

51. Plaintiff is informed and believes, and thereon alleges, that Defendants' committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendants is therefore warranted.

52. As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, pursuant to Government Code § 12965(b), in an amount according to proof at trial.

### THIRD CAUSE OF ACTION

**Retaliation and Wrongful Termination in Violation of Public Policy**

**(Plaintiff against all Defendants)**

53. Plaintiff incorporates all paragraphs above as though fully set forth herein.

54. At all times material hereto, Plaintiff was an employee of Defendants.

55. At all times material hereto, the following statute was in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and was binding on Defendants at the time of Plaintiff's employment and termination:

- Cal. Gov. Code § 12940(a), et seq. prohibits harassment, discrimination, retaliation, and failure to prevent discrimination based on sex and race.
- Cal. Gov. Code § 12940(h) prohibits discrimination against any person because the person has opposed any practices forbidden under FEHA, including sexual harassment, or because the person has filed a complaint, testified, or assisted in any proceeding under this part.

- Cal. Labor Code § 1102.5 prohibits retaliation against or termination of an employee for complaining about a violation of law by the company.

56. Plaintiff engaged in a protected activity under California Government Code § 12940(h) and Cal. Labor Code § 1102.5 by reporting and opposing Ryan and Kimi's false accusations of sexual harassment, and discrimination based on his race and his sex.

57. As detailed above, Defendants violated the law and the well-settled public policy set forth in Cal. Gov. Code § 12940(a), et seq. and Cal. Labor Code § 1102.5 by harassing, discriminating against, retaliating against, failing to prevent discrimination, retaliation, and harassment, and by ultimately terminating Plaintiff's employment.

58. As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof at trial.

59. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights. Pursuant to Civil Code § 3294, an award of punitive damages against Defendants is therefore warranted.

60. As a result of Defendants' illegal conduct, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### Sex Discrimination—Violation of California Government Code § 12940(a)
### (Plaintiff against all Defendants)

61. Plaintiff incorporates all paragraphs above as though fully set forth herein.

62. At all times material hereto, Plaintiff was an employee, protected by Government Code § 12940(a), which prohibits discrimination in employment on the basis of sex.

63. At all times material hereto, Defendants were employers within the meaning of California Government Code § 12926, and, as such, were prohibited from discriminating in regard to terms, conditions, or privileges of employment, including terminations and layoffs, on the basis of sex and/or gender.

64. Defendants discriminated against Plaintiff by mistreating Plaintiff throughout his employment based on his sex, by harassing Plaintiff based on his sex, and by terminating his employment based on his sex.

65. Plaintiff was subjected to disparate treatment by Defendants because of his gender, as discussed above, in violation of Government Code § 12940(a).

66. That Plaintiff's gender was a substantial motivating reason for Defendants' decision to harass, retaliate and terminate Plaintiff.

67. As a direct, foreseeable and proximate result of Defendants' acts and failures to act, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other financial losses, all to Plaintiff's damage in an amount according to proof at trial.

68. As a further direct, foreseeable and proximate result of Defendants' conduct, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

69. As a further direct, foreseeable and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

70. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendants is therefore warranted.

71. As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, pursuant to Government Code § 12965(b), in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### Race Discrimination—Violation of California Government Code § 12940(a)

### (Plaintiff against all Defendants)

72. Plaintiff incorporates all paragraphs above as though fully set forth herein.

73. At all times material hereto, Plaintiff was an employee, protected by Government Code § 12940(a), which prohibits discrimination in employment on the basis of race.

74. At all times material hereto, Defendants were employers within the meaning of California Government Code § 12926, and, as such, were prohibited from discriminating in regard to terms, conditions, or privileges of employment, including terminations and layoffs, on the basis of race.

75. Defendants discriminated against Plaintiff by mistreating Plaintiff throughout his employment based on his race, by harassing Plaintiff based on his race, and by terminating his employment based on his race.

76. Plaintiff was subjected to disparate treatment by Defendants because of his race, as discussed above, in violation of Government Code § 12940(a).

77. That Plaintiff's race was a substantial motivating reason for Defendants' decision to harass, retaliate and terminate Plaintiff.

78. As a direct, foreseeable and proximate result of Defendants' acts and failures to act, Plaintiff has suffered, and continues to suffer, substantial losses in past and future earnings, bonuses, deferred compensation, and other financial losses, all to Plaintiff's damage in an amount according to proof at trial.

79. As a further direct, foreseeable and proximate result of Defendants' conduct, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to personal and professional reputation and credibility, all to Plaintiff's damage in an amount according to proof at trial.

80. As a further direct, foreseeable and proximate result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, severe and lasting embarrassment, humiliation, mental anguish and emotional distress, and incidental and consequential damages and expenses,

1 all to Plaintiff's damage in an amount according to proof at trial.

2     81.    Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights as set forth in Government Code § 12940(a). An award of punitive damages against Defendants is therefore warranted.

    82.    As a result of the discriminatory conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, pursuant to Government Code § 12965(b), in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### Hostile Work Environment Harassment

### (Plaintiff against all Defendants)

    83.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

    84.    As detailed above, Defendants' conduct created a hostile work environment for Plaintiff, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to California Government Code § 12940. Defendants subjected Plaintiff to a hostile work environment due to harassment based on sex and gender and race, and his reporting and opposing Ryan and Kimi's false accusations of sexual harassment.

    85.    Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile, abusive work environment and thereby endangering Plaintiff's physical health and making her working conditions intolerable. Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

    86.    As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to substantial losses in earnings, other employment benefits, physical injuries,

physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, all to her damage in the amount according to proof.

87. Defendants' actions justify the imposition of punitive damages in that the actions were against public policy. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

### SEVENTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation in

### Violation of Gov. Code § 12940(k)

### (Plaintiff against all Defendants)

88. Plaintiff incorporates all paragraphs above as though fully set forth herein.

89. Plaintiff was subjected to discrimination and retaliation as set forth above based on his sex and gender and race and by reporting and opposing Ryan and Kimi's false accusations of sexual harassment.

90. Defendants were aware of Plaintiff's complaints in the workplace and their employees' actions in discriminating and retaliating against Plaintiff based on his sex, gender and race and by reporting and opposing Ryan and Kimi's false accusations of sexual harassment, pursuant to the allegations above. Despite being aware of the complaints, discrimination and retaliation, Defendants failed to conduct an adequate investigation in regards to said complaints, discrimination and retaliation, or to take any action whatsoever to eliminate and/or remedy that discrimination and retaliation.

91. Therefore Defendants failed to take reasonable steps to prevent Plaintiff from being unlawfully discriminated against and retaliated against; and, failed to stomp out harassment and discrimination based on sex and race in the workplace.

92. Under Government Code § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

93. As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

94. Pursuant to Government Code § 12965(b) and California Code of Civil Procedure § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

95. The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff, subjecting him to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

**PRAYER**

1. For special damages, including but not limited to, lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;

2. For further special damages, including but not limited to, lost future earnings, benefits and other prospective damages in an amount set forth above and/or according to proof at the time of trial;

3. For general damages in an amount set forth above and/or according to proof at the time of trial;

4. For punitive and exemplary damages in an amount according to proof at the time of trial;

5. For statutory penalties;

| | | |
|---|---|---|
| 1 | 6. | For interest; |
| 2 | 7. | For reasonable attorneys' fees; |
| 3 | 8. | For costs of suit; and |
| 4 | 9. | For such other and further relief as the Court may deem equitable and |

appropriate.

Dated: February 10, 2021

Respectfully Submitted,

MATHEW & GEORGE PARK APC

By: /s/ Sang J Park
    Sang J Park

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated: February 10, 2021

Respectfully Submitted,

MATHEW & GEORGE PARK APC

By: /s/ Sang J Park
Sang J Park

Attorneys for Plaintiff